# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0856** (Berkeley County 15-F-57)

**Nathaniel Lane,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nathaniel Lane, by counsel Kevin J. Watson, appeals the August 8, 2015, sentencing order entered in the Circuit Court of Berkeley County in connection with his guilty plea to the offenses of delivery of a controlled substance and felon in possession of a firearm. The State, by counsel Benjamin M. Hiller, filed a response. On appeal, petitioner alleges that the circuit court erred in sentencing him based upon an impermissible factor, that the State breached the terms of the plea agreement, and cumulative error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, Petitioner agreed to waive indictment and be charged by information with one count of delivery of crack cocaine and one count of felon in possession of a firearm. Thereafter, petitioner pled guilty to one count of delivery of crack cocaine with a term of imprisonment of one to fifteen years. As part of the agreement and pursuant to Rule 11(e)(1)(b) of the West Virginia Rules of Criminal Procedure, the State agreed to recommend that petitioner receive five years of supervised probation in lieu of incarceration. The plea agreement also contained a handwritten section whereby petitioner agreed to plead guilty to one count of felon in possession of a firearm while the State recommended that petitioner receive a consecutive term of incarceration of two years if the circuit court declined to grant him probation for delivery of crack cocaine. The circuit court ordered the State to prepare a presentence investigation report prior to sentencing. As part of the presentence investigation report for sentencing, petitioner completed a Level of Service/Case Management Inventory ("LS/CMI") evaluation that found that petitioner had a "high" level chance of recidivism.

In June of 2015, the circuit court held a sentencing hearing, during which the circuit court relied in part on portions of petitioner's presentence investigation report, which were not disclosed to the parties, wherein the probation officer included the investigating officers'

1

recommendation/request that petitioner receive incarceration instead of probation. Ultimately, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years, in accordance with West Virginia Code § 60A-4-401, and a consecutive term of incarceration of two years, in accordance with West Virginia Code § 61-7-7.

The following month, petitioner filed a notice of objection and motion to vacate his sentence alleging that the circuit court erroneously relied upon an impermissible factor - the investigating officers' recommendation/request - in imposing its sentence. The circuit court held a hearing on petitioner's motion on July 28, 2015, during which petitioner, after consulting with his counsel, withdrew his request to withdraw his plea and agreed to be resentenced without considering the investigating officers' recommendation/request. In sentencing petitioner, the circuit court indicated that it "is not even looking at the Community Sentiment Section of the report today and not giving any consideration to anything that was discussed today . . . or [what] the Court might recall. The Court is wiping that from its consideration completely." After considering petitioner's lengthy criminal history, his "high" LS/CMI score, and a recent bond violation, the circuit court resentenced petitioner to a term of incarceration of one to fifteen years and a consecutive term of incarceration of two years. It is from this order that petitioner appeals.

On appeal, petitioner reasserts his argument that the circuit court violated his due process rights in that the circuit court considered an impermissible factor - the investigating officers' recommendation/request for incarceration in lieu of probation - in imposing his sentences. Related to this assignment of error, petitioner also argues that the State breached the express terms of the plea agreement when the State failed to recommend probation. Specifically, petitioner asserts that as agents of the State, the investigating officers' request/recommendation for imprisonment breached the plea agreement.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). In the instant matter, it is clear that petitioner was sentenced within the applicable statutory guidelines. Pursuant to West Virginia Code § 60A-4-401, a person guilty of possession of a controlled substance is subject to a term of incarceration of "not less than one year nor more than fifteen years." Similarly, pursuant to West Virginia Code § 61-7-7, a person guilty of the illegal possession of a firearm is subject to a term of incarceration of "not more than five years." It is uncontroverted that petitioner was sentenced within the terms of these statutes.

Moreover, petitioner's argument ignores the fact that during the July 28, 2015, hearing that he specifically withdrew his motion to withdraw his plea and explicitly agreed to be resentenced by the circuit court without considering the investigating officers' recommendation/request to impose incarceration in lieu of probation. Thereafter, the circuit court sentenced petitioner using only permissible factors, such as petitioner's lengthy criminal history, his recent bond violation, and his "high" LS/CMI score. Importantly, the circuit court placed on the record that it was "not giving any consideration to anything that was discussed today . . . or [what] the Court might recall. The Court is wiping that from its consideration completely." Simply put, there is no evidence that the circuit court abused its discretion by considering any

impermissible factor or that the circuit court exceeded statutory limits in determining petitioner's sentence.

Petitioner's final assignment of error is that the cumulative effect of these errors violated his due process rights. *See* Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972) (The cumulative effect of numerous errors may result in the setting aside of a criminal conviction.) However, because we find no error in this case, the cumulative error doctrine has no application. As this Court reasoned in *State v. Knuckles*, 196 W.Va. 416, 426, 473 S.E.2d 131, 141 (1996) "[c]umulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."

For the foregoing reasons, the circuit court's August 8, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II